UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A. CORRION, #601943,

        Plaintiff,

                                    CASE NO. 2:12-cv-11096

v.                                HONORABLE DENISE PAGE HOOD

DANIEL H. HEYNS, R. D. RUSSELL,
PAUL KLEE, W. CHAPMAN,
L. McROBERTS, C. HEMRY, N. FETTIG,
D. MESSER, CO GRAY, CO WARNER,
CO J. WRIGHT, and G. HISSONG,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR A CERTIFICATE OF APPEALABILITY

On March 12, 2012, plaintiff John A. Corrion filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint challenged four prison misconduct reports charging Plaintiff with forgery, stealing sugar, having legal papers on his bunk, and having legal mail on his desk. Plaintiff claimed that the defendants were liable for abuse of process, extortion, and libel in connection with the misconduct proceedings. He also claimed that the defendants caused him severe emotional anguish and deprived him of his right to confront witnesses at a misconduct hearing.

On April 27, 2012, the Court summarily dismissed the complaint under 28 U.S.C. § 1915(g), because Plaintiff did not prepay the filing fee for this action even though three or more of his prior complaints were dismissed as frivolous or for failure to state a claim. Pending before the Court is Plaintiff's motion for reconsideration or a certificate of

appealability.

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal without prepayment of the filing fee if, on three or more prior occasions while incarcerated or detained, the prisoner brought a federal action or appeal that was dismissed as frivolous, as malicious, or for failure to state a claim on which relief may be granted.  An exception exists where the prisoner is "under imminent danger of serious physical injury."  *Id.*

Plaintiff does not dispute that three or more of his prior complaints have been dismissed as frivolous or for failure to state a claim.  Instead, he invokes the exception to §1915(g) for prisoners who are in "imminent danger of serious physical injury."  He alleges that he is in real and proximate danger of physical injury from assaultive inmates as a result of his age, size, and infirm condition.

The alleged danger is unrelated to the claims in Plaintiff's complaint.  Consequently, as explained to Plaintiff in the Court's prior decision, he has not satisfied the exception to § 1915(g).  *Pettus v. Morgenthau*, 554 F.3d 293, 296-98 (2d Cir. 2009).

Plaintiff objects to the Court's reliance on *Pettus* because *Pettus* was issued by the Second Circuit Court of Appeals, not the Sixth Circuit Court of Appeals whose decisions are binding on this Court.  While decisions from other circuit courts are not binding on this Court, the Court of Appeals for the Sixth Circuit has "consistently recognized their persuasive authority."  *United States v. Simmons*, 587 F.3d 348, 383 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 2116 (2010).  And because the Court has found no published Sixth Circuit decision directly on point, the Court believes it was appropriate to rely on the Second Circuit's decision in *Pettus.*

Plaintiff also argues that the Court is denying him access to the courts through its

2

application of § 1915(g).  He claims that he will remain unable to pay the Court's fees until he acquires relief in the courts.

Although "prisoners have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821 (1977), "§ 1915(g) does not infringe upon the fundamental right of access to the courts."  *Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998).  Thus, Plaintiff's First Amendment argument lacks merit.

Plaintiff seeks a certificate of appealability, but a certificate of appealability is not required in a prisoner civil rights case.  *Johnson v. CCA-Northeast Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001) (citing 28 U.S.C. § 2253(c)(1) and *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)).  And, pursuant to § 1915(g), Plaintiff may not proceed on appeal without prepayment of the appellate filing fee due to his three prior dismissals for frivolousness or for failure to state a claim.

For all the reasons given above, the Court concludes that it was not misled by a "palpable defect" when it summarily dismissed Plaintiff's complaint pursuant to § 1915(g). Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010).  Accordingly, Plaintiff's motion for reconsideration [Document No. 6, filed May 7, 2012] is **DENIED**.


                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated:  October 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 26, 2012, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager

3